IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR70 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| RODRIGUS CALDWELL, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | TO REVOKE DETENTION ORDER |
| Defendant. | ) | |

Now comes the United States of America, by and through the undersigned counsel, and respectfully submits the following Response to Defendant's Motion to Revoke Detention Order. *See* ECF at Doc. # 18. Defendant's motion should be denied because the Defendant's history and characteristics along with the nature and circumstances of his current offense show that he is a danger to the community.

## **Background**

On February 12, 2024, the United States filed a Complaint against Defendant Rodrigus Caldwell alleging one count of trafficking in firearms in violation of 18 U.S.C.§ 933(a)(1); one count of possession of a machinegun in violation of 18 U.S.C. § 922(o); and one count of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). (R. 1: Complaint, PageID 1). Defendant was arrested the next day.

On February 16, 2024, the Magistrate Judge held a detention hearing and subsequently found that detention was warranted. (R. 10: Order, PageID 26-28). The Magistrate Judge found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. *Id*. The Magistrate Judge cited to the weight of the evidence against Caldwell, his prior criminal history, his

participation in criminal activity while on probation, parole or supervision, his history of violence or use of weapons, and his lack of a stable residence in support of her detention order. Id.

Caldwell now moves this Court to revoke the Magistrate Judge's detention order. (R. 18" Motion, PageID 73-77).

## Argument

I. **Standard of Review**

A district court employs a review of a magistrate's order of pretrial detention. United States v. Alexander, 742 F. Supp. 421, 423 (N.D. Ohio 1990). Under 18 U.S.C. § 3142, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). A finding of dangerousness must be supported by clear and convincing evidence. Id. (citing 18 U.S.C. § 3142(f)(2)(b)).

II. **Defendant is a Danger to the Community**

The factors outlined in 18 U.S.C. 3142(g), including the nature and circumstances of the offenses charged and the history and characteristics of the Defendant demonstrate that there remains no combination of conditions of release that will reasonably assure the safety of the community.

1. Nature and Circumstances of the offenses charged.

All six counts of the indictment in this case involve a firearm. (R. 12: Indictment, PageID 30-34). Thus, the charges on their face indicate a strong threat to society. United States v. Stone, 608, F.3d 939, 947 (6th Cir. 2010). Specifically, between January 22, 2024, and February 2,

2024, Caldwell sold seven firearms to undercover agents in four separate transactions. Id. Three of the seven firearms were reported stolen. Three had been used in prior shootings and one was a machine gun equipped with an auto sear, rendering it fully automatic. (R. 10: Order, PageID 28). Additionally, Caldwell understood and was aware that the weapons he was selling were to be transported out of the state to be used in future crimes. Id. Despite knowing this information, he continued to sell firearms to undercover agents. Even after his fourth and final firearm sale, Caldwell continued to advertise additional weapons and drugs to undercover agents, including the sale of 500 counterfeit oxycodone pills, which often contain fentanyl. Id. Based on the above, this factor weighs heavily in favor of detention.

2. Weight of the Evidence

The weight of the evidence also weighs in favor of detention. At the time of all four sales, Caldwell was on probation for a third-degree felony robbery conviction from Cuyahoga County Court of Common Pleas. Id. Additionally, Caldwell also had a warrant for his arrest since December of 2023 for a Domestic Violence incident that occurred near public square in Cleveland, Ohio. As the Magistrate Judge reasoned, these facts, including the statements made to Caldwell that the firearms were to be used by gang members in Detroit, support detaining Caldwell. Id.

3. History and Characteristics

The Magistrate Judge did consider Caldwell's history and characteristics in making her ruling. Id. The court considered Caldwell's two yea relationship with his girlfriend, who is pregnant with their child. Id. Additionally, the Magistrate Judge considered Caldwell's employment history, specifically that he had reported employment to pretrial serviced however his girlfriend was unaware he had been working. Despite finding some ties to the community, the

Magistrate Judge found that these facts were outweighed by other factors relating to his dangerousness. Id.

4. Danger to the Community

The Defendant clearly has the ability to obtain illegal firearms and narcotics as he pleases. Significantly, the firearms he has access to include those that have been reported stolen, used in prior shootings, and equipped with machinegun conversion devices. Additionally, he has shown that he will use his access to these weapons and sell them to individuals who intend to commit violent acts with them. Finally, he has shown that he is capable of carrying out these acts while under supervision to a court.

## Conclusion

The nature and circumstances of the offenses charged, the weight of the evidence as to Caldwell's dangerousness, and his history and characteristics all weigh in favor of his detention during the pendency of this case. Therefore, the United States requests that this Court affirm the Magistrate Judge's Order of Detention as there are no conditions or combination of conditions that would reasonably assure the safety of the community.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Kevin Bringman
Kevin Bringman (0088316)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3847
Kevin.Bringman@usdoj.gov