UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-cr-70 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RODRIGUS CALDWELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Rodrigus Caldwell ("Caldwell") for revocation of the detention order. (Doc. No. 18.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 19.) The Court finds that the present motion may be resolved on the record and the parties' written submissions. In its *de novo* review of the magistrate judge's detention order, the Court has reviewed the following:

(1) the complaint (Doc. No. 1);

(2) the affidavit supporting the complaint (Doc. No. 1-1);

(3) the Pretrial Services Report (Doc. No. 8);

(4) the magistrate judge's order of detention (Doc. No. 10);

(5) the indictment (Doc. No. 12);

(6) the transcript from the detention hearing (Doc. No. 29);

(7) Caldwell's motion to revoke detention (Doc. No. 18); and

(8) the government's response to the motion to revoke detention (Doc. No. 19).

I. **BACKGROUND**

On February 12, 2024, a three-count complaint issued charging Caldwell with being a felon in possession of firearms and/or ammunition, possession of a machine gun, and trafficking in firearms. (Doc. No. 1 (Complaint).) The complaint was supported by an affidavit prepared by Steven McGrath, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). (Doc. No. 1-1 (Affidavit).) On March 6, 2024, an indictment issued adding to the prior charges three counts of being a felon in possession of firearms. (Doc. No. 12.)

At Caldwell's initial appearance on February 13, 2024, the government moved for an order of detention. Assistant Federal Public Defender Christian Grostic participated as appointed counsel for Caldwell. (Minutes of proceedings [non-document], 2/13/2024.) At the conclusion of the initial appearance, Caldwell was remanded to the custody of the U.S. Marshals and a detention hearing was set. (*Id.*) On February 16, 2024, Magistrate Judge Jennifer Dowdell Armstrong conducted the detention hearing where Caldwell was, again, represented by counsel. (Minutes of proceedings [non-document], 2/16/2024; Doc. No. 29 (Transcript of Detention Hearing).) At the hearing, the government proffered the contents of the affidavit supporting the complaint and the Pretrial Services Report. (Doc. No. 29, at 4; *see* Doc. Nos. 1-1.)

On February 20, 2024, the magistrate judge granted the government's motion for detention. (Doc. No. 10 (Detention Order).) In ordering Caldwell detained pending trial, the magistrate judge determined that there was no statutory presumption in favor of detention but that the government had demonstrated by clear and convicting evidence that no condition or combination of conditions

2

of release will reasonably assure the safety of any other person and the community. (*Id.* at 1–2.[1]) In reaching this conclusion, the magistrate judge relied on the following: the weight of the evidence against Caldwell; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; and his lack of a stable residence. (*Id.* at 2.) In particular, the magistrate judge highlighted the circumstances surrounding the sales of the weapons to the undercover agents, the fact that Caldwell was on probation at the time of the sales, the existence of an outstanding warrant against Caldwell for domestic violence, and his lack of verifiable employment. (*Id.* at 3.)

In support of the present motion to revoke, Caldwell reports that he now has a stable place to live with his girlfriend and reiterates that he has longstanding ties to the community. (Doc. No. 18, at 2.) Additionally, he represents that his counsel "has written a letter to the Municipal Court Administrative Judge in an attempt to have the warrant [for domestic violence] recalled. Mr. Caldwell has not had contact with the alleged victim in that case." (*Id.* at 4.[2]) He insists that a combination of release conditions will reasonably assure his appearance in court and the community's safety. (*Id.* at 1.)

II.  **DISCUSSION**

In his motion, Caldwell is seeking review and revocation of the magistrate judge's order of detention, pursuant to 18 U.S.C. § 3145(b). Section 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the district court "acts on a motion to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] On January 22, 2024, a complaint was filed in the Cleveland Municipal Court, Case No. 2024-CRB-555, charging Caldwell with domestic violence (M1) and unlawful restraint (M3). (Doc. No. 8, at 4.) The case is still pending and there remains an active warrant for Caldwell's arrest. (*Id.*) Even without the pending warrant, however, the Court would reach the conclusion that Caldwell is a danger to the community for the reasons set forth below.

3

revoke or amend a magistrate judge's pretrial detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted).

Accordingly, the Court turns to the government's proffer of evidence and considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;[3] (3) the history and characteristics of the defendant; and (4) nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). As explained below, consideration of these factors leads the Court to conclude that the government has met its burden of demonstrating, by clear and convincing evidence, that Caldwell poses a danger to others and the community.

Initially, the Court finds that the nature and circumstances of the charged offenses favor continued detainment. According to the supporting affidavit, between January 22, 2024, and February 2, 2024, Caldwell sold seven firearms to undercover agents in four separate transactions. (Doc. No. 1-1.) All of the transactions and communications between Caldwell and the undercover agents were recorded. Three of the firearms were reported stolen, three had been used in prior shootings, and one was a machine gun with an auto sear, making it fully automatic. (*Id.*; *see* Doc. No. 29, at 12.) The dangerousness associated with unlawfully channeling weapons, especially fully automatic ones, into the stream of commerce is self-evident.

The weight of the evidence of dangerousness is also high and strongly supports continued detention. During the course of his communications and interactions with the undercover agents,

---

[3] The Sixth Circuit has clarified that the second factor, relating to the weight of the evidence, refers to "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citation omitted).

Caldwell was advised that the purchased weapons would ultimately be sold to gang members in Detroit, Michigan for the purpose of committing violent crimes. (Doc. No. 1-1.) Despite this knowledge, Caldwell continued to sell weapons to the undercover agents. Caldwell also continued to communicate with the agents, even after the last weapons transaction, advertising that he could obtain additional weapons and a large quantity of "blues," which are commonly counterfeit oxycodone pills that contain fentanyl. (*Id.*) Of course, "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939 n.6 (6th Cir. 2010) (citing and quoting *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community"))). The fact that Caldwell was allegedly still attempting to sell weapons and drugs shortly before his arrest is a strong indicator that he would be a danger to the community if released.

Likewise, the third factor—the history and characteristics of the defendant—favors detention. The Pretrial Services Report reflects that Caldwell was on community control supervision (referred to by the parties and magistrate judge as probation) at the time of the instant offenses for felony robbery. (Doc. No. 8.) The current charges suggest that, if anything, Caldwell's conduct is escalating as he is now alleged to have trafficked dangerous weapons. While the Court has considered that he now has a place to live with his girlfriend of two years—with whom he is expecting a child—and his unsubstantiated claims of recent employment, neither speak to Caldwell's dangerousness and the Court finds that this factor weighs in favor of detention.

The fourth category—the nature and seriousness of the danger to others—strongly favors continued detention. As set forth above, Caldwell is alleged to have trafficked dangerous weapons to undercover agents, and he continued to contact the agents regarding possible sales of weapons

5

and dangerous drugs, even after their business was concluded. This activity, when coupled with the fact that he was on supervision at the time, raises serious concerns that Caldwell will continue to traffic weapons, and, possibly also drugs, if he is released from custody. Electronic monitoring and home confinement would not alleviate these concerns as Caldwell would still be able to facilitate future illegal activity from his residence.[4]

Having independently weighed the relevant factors, the Court concludes that there is no condition or combination of conditions that can reasonably assure the safety of any person or the community, making pretrial release inappropriate at this time.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the government's response, the Court finds that the government has demonstrated by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Accordingly, Caldwell's motion to revoke detention is DENIED.

**IT IS SO ORDERED**.

Dated: May 9, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] The Court also has concerns regarding discrepancies about Caldwell's claimed employment, as his girlfriend was unaware that he had any employment and Caldwell had not reported any employment to his state supervising officer. (Doc. No. 10; *see* Doc. No. 8.) Additionally, the Court has concerns that Caldwell's girlfriend reported that she and Caldwell had been living at an address that was different than the address he gave to his state supervising officer. (Doc. No. 10; *see* Doc. No. 8.))