# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-cr-70 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RODRIGUS CALDWELL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 6, 2024, an indictment issued charging defendant Rodrigus Caldwell ("Caldwell") with one count of trafficking in firearms, in violation of 18 U.S.C. § 933(a)(1); one count of possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and four counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. No. 12 (Indictment).) Specifically, the indictment provides that between January 22, 2024 and February 2, 2024, Caldwell illegally possessed seven firearms on four separate occasions while conducting transactions for each firearm with undercover agents. Three of the seven firearms were reported stolen and one of the firearms was equipped with a machine gun conversion device, rendering it a fully automatic weapon. (*Id*.; *see* Doc. No. 1-1 (Complaint Affidavit).) According to the indictment, Caldwell committed these crimes while on probation for a 2023 state court conviction for robbery, a third degree felony, under Ohio Rev. Code § 2911.02(A)(3), (B). (*See, e.g*., Doc. No. 12, at 2.))

Caldwell now moves to dismiss Count 2 of the indictment, charging possession of a machine gun, and Counts 3 through 6, charging being a felon in possession of a firearm. (Doc. No. 20 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. 30 (Response).) Relying on the Supreme Court's 2022 decision in *New York State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Caldwell argues that these counts should be dismissed because the federal statutes he is charged with violating are unconstitutional. (*Id*. at 1.[1]) The Court has already exhaustively addressed the constitutionality of § 922(g)(1) in the wake of *Bruen*, and it has specifically rejected each and every argument in that prior decision now raised by Caldwell in his facial challenge of § 922(g)(1). *United States v. Brown*, No. 1:22-cr-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) (holding that "[t]his Court is bound by Supreme Court and Sixth Circuit precedent finding restrictions on gun ownership by convicted felons, such as those found in § 922(g)(1), constitutional"); *see United States v. Lucas*, No. 5:22-cr-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024) (same).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning set forth in its decision in *Brown, supra*. The Court writes now to briefly reiterate that binding precent continues to constrain the Court to deny any facial attack upon § 922(g)(1). Additionally, the Court will address Caldwell's "as applied" challenge to the constitutionality of the felon-in-possession statute (to the extent he actually raises one), as well as his attack on the constitutionality of § 922(o).

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

## I. STANDARD OF REVIEW

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure provides that a defendant can move to dismiss an indictment for failing to state an offense. An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974). When evaluating the content of the indictment, a court must take the allegations in it as true. *United States v. Lee*, 919 F.3d 340, 349 (6th Cir. 2019) (quotation marks and citation omitted).

## II. DISCUSSION

### A. Binding Precedent Forecloses Caldwell's Facial Challenge to § 922(g)(1)

Constitutional analysis begins with the text of the Constitution itself. The Second Amendment provides, in full, that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 592, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court held that the operative clause of the Second Amendment (*i.e.*, "the right of the people to keep and bear Arms[] shall not be infringed") conferred an individual right to "law-abiding, responsible citizens" to keep and bear arms regardless of service in the militia. *See Bruen*, 597 U.S. at 20.

Importantly, however, in conferring this right the Court also noted that the right was not absolute. *Heller*, 554 U.S. at 626. The Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id*.

3

(recognizing that the Second Amendment right to keep and bear arms "is not unlimited"). The Court has since reaffirmed its cautionary tone and explicitly refused to cast doubt on "longstanding prohibitions" for firearm possession (including those for felons). *See McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 2020, 177 L. Ed. 2d 894 (2010) ("[The Court] made it clear in *Heller* that [the Court's] holding did not 'cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill . . . .' We repeat those assurances here."(quoting *Heller* 554 U.S. at 626–27)).

Relying on *Heller* and *McDonald*, the Sixth Circuit has consistently held that § 922(g)(1) comports with the Second Amendment, stating that "'prohibitions on felon possession of firearms do not violate the Second Amendment,' and 'Congress's prohibition on felon possession of firearms is constitutional.'" *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010) (quoting *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (further citations omitted)); *see United States v. Greeno*, 679 F.3d 510, 517 (6th Cir. 2012) (noting that the right to keep and bear arms is not without its limitations and further noting that the Sixth Circuit has consistently relied on *Heller* "to reject Second Amendment challenges to federal felon-in-possession of a firearm convictions and related expungement exceptions" (collecting cases)), *abrogated in part as discussed infra*, *Bruen*, 142 S. Ct. at 2127.

*Bruen* did not overturn *Heller*, *McDonald, or Carey* or otherwise relieve this Court of the obligation to follow Supreme Court and Sixth Circuit precedent. It did, however, settle on a standard for reviewing the constitutionality of regulations to firearm possession. Specifically, the Supreme Court laid out the framework for "applying the Second Amendment" as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify

4

>its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Bruen*, 597 U.S. at 24. *Bruen*, thus, rejected the "popular" two step test previously adopted by some circuit courts *after Heller*, including the Sixth Circuit (*see United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012)), that relied on the "means-end scrutiny" to evaluate laws under the Second Amendment.² Instead, it limited the analysis to the "text and history" of the Second Amendment. *See id*. at 23.

As it did in *Heller*, the Supreme Court emphasized that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." *Id*. at 10. But as it did in *Heller*, the Court in *Bruen* also recognized that the "right secured by the Second Amendment is not unlimited." *Id*. at 21 (citation and quotation marks omitted). Indeed, in *Bruen*, five justices³ recognized that the decision did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 81 (quoting *Heller*, 544 U.S. at 626–27) (Kavanaugh J., concurring and joined by Roberts, C.J.). In dissent, Justice Breyer, joined by Justices Sotomayor and Kagan, agreed that such statutes were not in doubt. *See id*. at 129–30 (Breyer, J., dissenting).

---

² As the Supreme Court in *Bruen* recognized, neither *Heller* nor *McDonald* engaged in means-end scrutiny. *See id*. at 2127. For this reason, recent district courts in the Sixth Circuit have underscored that "the *Bruen* Court did not overturn *Heller* or abrogate *Carey*: it altered the test for applying the Second Amendment." *See, e.g., United States v. El Bey*, 1:21-cr-110, 2024 WL 22701, at *2 (S.D. Ohio Jan. 2, 2024) (citation omitted).

³ Although not as clear as the other separate opinions in *Bruen*, it seems likely that Justice Alito would not have cast doubt on any "longstanding prohibitions" against felons, bringing the total count to six justices. *See Bruen*, 367 U.S. 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns.") *See also Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) ("Given the *six* [j]ustices' reaffirmation of the *Heller* language and the Court's apparent approval of 'shall-issue' regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." (emphasis added)).

In the two years since *Bruen* was decided, federal criminal defendants and prisoners across the country have attempted to leverage the ruling in *Bruen* to contest their indictments charging, or convictions for, being a felon in possession of firearms and/or ammunition under § 922(g)(1). Unfortunately for Caldwell and those making similar challenges, the vast majority of courts to address the issue, including this one and other courts within the Sixth Circuit, have concluded that the ruling in *Bruen* did not "overturn, re-write, or alter" the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional. *See, e.g.*, *United States v. Haywood*, No. 22-20417, 2023 WL 3669333, at *1–2 (E.D. Mich. May 25, 2023) (citing *Heller*, 554 U.S. at 625–26 and collecting lower court cases); *see, e.g., United States v. Miller,* No. 1:22-cr-645, 2023 WL 6065116, at *3–4 (N.D. Ohio Sept. 18, 2023) (refusing to declare § 922(g)(1) unconstitutional); *United States v. Taylor*, No. 1:23-cr-289, 2023 WL 5957107, at *3 (N.D. Ohio Sept. 12, 2023) (denying motion to dismiss indictment charging violation of § 922(g)(1) premised on *Bruen*); *United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844, at *6 (E.D. Mich. May 8, 2023) (recognizing the "overwhelming consensus" that "*Bruen* is no barrier to a § 922(g)(1) prosecution"); *United States v. Davis*, No. 5:19-cr-159, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law." (collecting cases)).

The Sixth Circuit has yet to directly rule on *Bruen's* effect, if any, on the constitutionality of federal felon-in-possession laws. *See United States v. Bowers*, No. 22-6095, 2024 WL 366247, at *3 (6th Cir. Jan 31, 2024) ("No binding case law addresses the constitutionality of § 922(g)(1) in light of *Bruen* . . . [n]either the Supreme Court nor the Sixth Circuit has yet to address the

6

issue.")[4] Several other circuits have, however, joined the majority of courts that have upheld felon-in-possession statutes under the *Bruen* constitutional framework. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) ("*Bruen* did not abrogate" Eleventh Circuit law upholding the constitutionality of felon-in-possession prohibitions) (referencing *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010)); *United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023) (upholding § 922(g)(1)); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (same).[5] And since this Court first visited the issue in *Brown*, the clear majority of district courts both in and outside the Sixth Circuit have continued to hold that *Bruen* did not call into question the constitutionality of statutes, like § 922(g)(1), that restrict the gun ownership rights for convicted felons. *See, e.g., United States v. Coleman*, No. 3:23-cr-134, 2024 WL 2112324, at *2–3 (E.D. Va. May 10, 2024) (rejecting facial and as-applied challenges to § 922(g)(1) under *Bruen*); *United States v. Campbell*, No. 23-cr-141, 2024 WL 2113474, at *6 (E.D. Pa. May 10, 2024) (similar); *United States v. Smith*, No. 21-cr-11082, 2024 WL 1776350, at *1 (E.D. Mich. Apr. 24, 2024) ("*Bruen* did not disturb the settled law in this Circuit that § 922(g)(1) is constitutional as applied to any felon, and consequently the statute is constitutional both on its face and as applied to [defendant]" (citations omitted)); *United States v. Richards*, No. 1:23-cr-58, 2024 WL 1678942,

---

[4] While the Sixth Circuit has not squarely addressed the constitutionality of felon-in-possession statutes following *Bruen*, recent unreported decisions have signaled a likelihood that it will not disturb existing Sixth Circuit precedent finding § 922(g)(1) constitutional. *See United States v. Vaughn*, No. 23-5790, 2023 WL 9789018, at *1 (6th Cir. Sept. 28, 2023) (order denying motion for release pending appeal, noting that "*Carey* remains the binding law in this circuit"); *In re Clark*, No. 22-1401, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of § 922(g)(1) conviction, concluding that *Bruen* did not "cast doubt on longstanding prohibitions on possession of firearms by felons" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring)))) (only LEXIS cite available). *See also United States v. Fanning*, No. 1:23-cr-252, Doc. No. 41, at 4 (N.D. Ohio Jan. 16, 2024) (noting that "*Vaughn* and *Clark* are unreported but serve as fairly recent illustrations of the Sixth Circuit's commitment to *Carey* post-*Bruen*").

[5] Other circuits have rejected *Bruen* challenges on a plain error review. *See, e.g., United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert denied, Jones v. United States*, 144 S. Ct. 1081 (2024).

at *3 (S.D. Ohio Apr. 18, 2024) (noting that while some courts since *Bruen* have found § 922(g)(1) unconstitutional, "the vast majority of courts" have upheld felon-in-possession statutes) (collecting cases); *United States v. Gibson*, No. 3:23-cr-329, 2024 WL 1619604, at *2–3 (N.D. Ohio Apr. 15, 2024) (denying challenge under *Bruen* to § 922(g)(1) charge and collecting cases from district courts within the Sixth Circuit).[6]

In short, Caldwell seeks to extend the scope of *Bruen* well beyond its appropriate application. On multiple occasions, the Supreme Court has acknowledged the history, tradition, and, most importantly, constitutional muster of federal regulations restricting felons' right to possess firearms. Caldwell's facial challenge fails to provide any compelling reason for the Court to deviate from its prior decisions on this matter—consistent with binding precedent from the Supreme Court and the Sixth Circuit and the vast majority of decisions from other courts—that *Bruen* does not cast doubt on the constitutionality of § 922(g)(1). The Court rejects Caldwell's facial challenge to § 922(g)(1).

### B. Caldwell's "As Applied" Challenge Also Fails

Twice in his motion, Caldwell suggests that he is also advancing an "as-applied" challenge to the constitutionality of § 922(g)(1). (*See* Doc. No. 20, at 1, 12.) He fails, however, to offer any reasoned argument in support of this position, and, accordingly, the argument is waived. *See*

---

[6] As detailed by Caldwell, some district courts have dismissed § 922(g)(1) charges based on similar motions, many of which were limited to "as applied" challenges. (Doc. No. 20, at 7 (collecting district court cases, including *United States v. Williams*, No. 23-cr-20201, 2024 WL 731932 (E.D. Mich. Feb. 22, 2024) (finding § 922(g)(1) unconstitutional as applied to defendant))). Recently, a panel of the Ninth Circuit—in a 2-1 decision—and a district court in this Court's judicial district endorsed "as applied" challenges to § 922(g)(1) in light of *Bruen*. *See United States v. Durate*, No. 22-50048, 2024 WL 2068016, at *24 (9th Cir. May 9, 2024); *United States v. Hostettler*, No. 5:23-cr-654, 2024 WL 1548982, at *7 (N.D. Ohio Apr. 10, 2024); *see also Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) (holding that Section 922(g)(1) unconstitutional as applied to the defendant, whose predicate offense was a non-violent misdemeanor). There is nothing in the analyses or conclusions in those cases that convinces the Court to disregard biding precedent and abandon its prior rulings on the constitutionality of § 922(g)(1).

8

*United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))); *see also White Oak Prop. Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 850 (6th Cir. 2010) ("[The appellant's] discussion is perfunctory, and we hold that the issue is forfeited." (citation omitted)).

Had it reached the argument, however, the Court would have found that the argument failed on the merits. This Court has now determined on multiple occasions—consistent with the vast majority of courts—that § 922(g)(1) is constitutional on its face. Yet, even if the Court had ascribed to the minority view, it would have found, at the very least, § 922(g)(1) is constitutional as applied to individuals like Caldwell who are *dangerous* felons. As the government correctly notes, even courts in the minority do not support the view that Congress lacks the ability to disarm dangerous felons. (Doc. No. 30, at 39 (citing *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (finding that it would be "frivolous" to argue that § 922(g)(1) is unconstitutional as applied to someone convicted of a violent felony).).

For example, in *Range*, the Third Circuit found that the government "has not shown that the Nation's historical tradition of firearms regulation supports depriving [the defendant] of his Second Amendment right to possess a firearm." *Range*, 69 F.4th at 106. But the Court emphasized that its decision was "a narrow one[,]" limiting its ruling as to the constitutionality of § 922(g)(1) "only as applied to" the defendant "given his violation of" a statute that prohibits making false statements to obtain food stamps; a non-violent offense. *Id*. Similarly, in *Hostettler*, the district court determined that § 922(g)(1) was not constitutional as applied to the defendant. 2024 WL 1548982, at *7. In reaching this conclusion, the Court noted the government failed to meet its

9

burden of demonstrating that "Hostettler's predicate drug offense (or prior federal conviction for being a felon in possession) serves as an adequate proxy for dangerousness or identifying any other distinctly similar historical analogue to justify disarmament." *Id*. at *5.

Unlike the defendants in *Range* and *Hostettler*, Caldwell was previously convicted of a violent crime—robbery—a third degree felony. (*See* Doc. No. 12.) Ohio robbery convictions that qualify as third degree felonies categorically involve the "[u]se" or "threat[]" of "the immediate use of force against another." *See* Ohio Rev. Code § 2911.02(A)(3), (B). At least one district court in the Sixth Circuit ascribing to the minority view has rejected as-applied challenges brought by defendants with dangerous criminal histories that included robbery. *See United States v. Berry*, Nos. 5:22-cr-536, 5:23-cr-222, 4:23-cr-503, 2024 WL 1141720, at *20 (N.D. Ohio Mar. 15, 2024) (defendants with violent criminal histories, including robbery under Ohio law, could not prevail on an as-applied challenge to § 922(g)(1) under *Bruen*); *see also United States v. Taylor*, 1:23-cr-289, 2023 WL 5957107, at *3 (N.D. Ohio Sept. 12, 2023) (distinguishing *Range* on grounds that the defendant was convicted of aggravated robbery, having a weapon while under a disability, and drug trafficking, "none [of which] can be fairly characterized as nonviolent or otherwise analogous to making a false statement to obtain food stamps"); *United States v. O'Connor*, No. 03-cr-134, 2023 WL 5542087, at *4 (W.D. Pa. Aug. 29, 2023) (distinguishing *Range* on similar grounds).

As a result of his robbery conviction, Caldwell would be unable to show that, even under the minority view, application of § 922(g)(1) post-*Bruen* was unconstitutional as applied to him. Accordingly, his "applied challenge" would also fail.

### C. Section 922(o) Does Not Punish Conduct Covered by the Second Amendment

Finally, Caldwell argues that, in the aftermath of *Bruen*, he may not be prosecuted for possessing a machine gun. (Doc. No. 20, at 9–12.) As with its consideration of § 922(g)(1), the Court starts with the plain text of the Second Amendment, which provides, in part, that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Caldwell argues that his possession of a machine gun falls within the plain text of the Second Amendment because the word "arms" is sufficiently broad enough to cover the keeping and bearing of a machine gun. (Doc. No. 20, at 9–10.)

Once again, Caldwell's argument is foreclosed by binding Supreme Court and Sixth Circuit law. Relying on *Heller*, *Bruen* emphasized that there is no "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." 597 U.S. at 21 (quoting *Heller*, 554 U.S. at 626). *Heller* further cautioned that "[t]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes . . . ." *Heller*, 554 U.S. at 625. Responding to this limitation in *Heller*, the Sixth Circuit explicitly held that, "whatever the individual right to keep and bear arms might entail, it does not authorize an unlicensed individual to possess unregistered machine guns for personal use." *Hamblen v. United States*, 591 F.3d 471, 474 (6th Cir. 2009). *Bruen* does not, in any way, cast doubt on the Sixth Circuit's pronouncement. After all, "*Bruen* dealt with *conduct* protected by the Second Amendment. It said nothing about the *types of weapons* one can possess." *See United States v. Wilson*, No. 2:23-cr-20081, 2023 WL 8288989, at *5 (W.D. Tenn. Nov. 7, 2023) (emphasis in original).

While the Sixth Circuit has not ruled on the constitutionality § 922(o) post-*Bruen*, district courts within the Sixth Circuit continue to recognize *Hamblen* as binding precedent. *See, e.g., id.*; *United States v. Sturgeon*, No. 23-cr-6, 2023 WL 6961618, at *3 (E.D. Ky. Oct. 20, 2023) ("Nothing in *Bruen* can be reasonably read to call [the] holding [in *Hamblen*] into question."). And courts outside the Sixth Circuit have consistently found post-*Bruen* that the possession of machine guns falls outside the protection of the Second Amendment. *See, e.g., United States v. Jackson*, No. 4:23-cr-62, 2024 WL 1160304, at *11–12 (N.D. Miss. Mar. 18, 2024) (possession of machine guns was not covered by the Second Amendment); *DeWilde v. United States*, No. 1:23-cv-3, 2023 WL 4884582, at *6 (D. Wyo. July 17, 2023) (holding "there is no Second Amendment right to possess a machine gun"); *United States v. Lane*, No. 3:23-cr-62, 2023 WL 5663084, at *16 (E.D. Va. Aug. 31, 2023) (possession of machine guns is not covered by the plain text of the Second Amendment); *see also United States v. Hernandez*, No. 22-cr-122, 2024 WL 964213, at *5 (D. Del. Mar. 5, 2024) (noting that, "[t]o this Court's knowledge, no post-*Bruen* decision has found a machine gun ban facially unconstitutional" (collecting cases))).

Like other district courts in the Sixth Court, the Court finds that *Heller* and *Hamblen* remain binding precedent and compel the Court to conclude that § 922(o) continues to pass constitutional muster. Further, because § 922(o) regulates conduct outside the scope of the Second Amendment, the Court need not engage in an analysis of whether the statute is consistent with "the Nation's historical tradition of firearm regulation." *See Bruen*, 597 U.S. at 24. Caldwell's motion to dismiss Count 2, charging a violation of § 922(o), is also denied.

### III. CONCLUSION

For the reasons set forth above, the Court denies Caldwell's motion to dismiss Counts 2 through 6 of the indictment.

**IT IS SO ORDERED**.

Dated: May 30, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**