IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR070 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| RODRIGUS CALDWELL, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney and Kevin Bringman, Assistant United States Attorney, and hereby files this Sentencing Memorandum. The United States respectfully requests Rodrigus Caldwell receive a sentence of imprisonment at or near the high end of the parties agreed upon range of 48-60 months imprisonment. Such a sentence would be sufficient, but not greater than necessary, to provide just punishment for Caldwell's offense, afford adequate deterrence to criminal conduct, and protect the public. *See* 18 U.S.C.§ 3553(a)(2).

I.  **Factual and Procedural Background.**

A.  <u>Caldwell sells seven firearms in a span of twelve days</u>**.**

Beginning January 22, 2024 through February 2, 2024, Rodrigus Caldwell sold seven firearms to Cleveland Division of Police (CDP) and ATF undercover agents for a total of $6,000.00. The firearms were sold over the course of four separate transactions and included three stolen firearms and one machine gun (a semi-automatic firearm that had been converted with a machine gun conversion device). Based on NIBIN hits, three of the firearms had been used in shootings before being sold. During the investigation the undercover agents made known

to Caldwell that they intended to traffic the firearms to Michigan where they would be used to commit crimes. Caldwell was a convicted felon and on probation to Cuyahoga County Court of Common Pleas at the time of each transaction.

B. Caldwell is Indicted and Pleaded Guilty

On March 6, 2024, the grand jury returned a six-count indictment charging Caldwell with Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1) (count one), four counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (counts three through six), and one count of Possession of a Machinegun, in violation of 18 U.S.C. § 922(o) (count two). (R. 12: Indictment, PageID 30-34).

On July 22, 2024, Caldwell appeared before this Honorable Court and pled guilty to counts 1, 3, 4, 5, and 6 pursuant to written Rule 11(c)(1)(C) plea agreement. (R. 45: Plea Agreement, PageID 260-272). Per the agreement, the parties agreed that the appropriate disposition for this case is for Caldwell to received a sentence of imprisonment between 48 and 60 months. (*Id.* at PageID 264). Further, the government agreed to move for the dismissal of count 2 at the time of sentencing. (*Id.* at PageID 262).

Further, both parties agreed to the following Guideline calculation:

| § 2K2.1 Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition | | |
|---|---|---|
| Base offense level | 20 | § 2K2.1(a)(4) |
| Number of Firearms | +2 | §2K2.1(b)(1) |
| Stolen Firearm | +2 | §2K2.1(b)(4) |
| Two Firearms, Reason to believe recipient intended to use or dispose of unlawfully | +5 | §2K2.1(b)(5) |
| **Total Offense Level before Acceptance of Responsibility** | **29** | |

(R. 45: Plea Agreement, PageID 264).

The Court accepted Caldwell's plea and referred the matter to the United States Probation Office to prepare and draft a presentence report.

C. <u>Caldwell's Presentence Report</u>

On November 6, 2024, the USPO issued its final Presentence Report ("PSR"). (R. 47: PSR, PageID 307-343). In the report, the USPO determined that pursuant to U.S.S.G. § 2K2.1(a)(4)(A), Caldwell's base offense level was 20 because his conviction in the instant case was subsequent to sustaining one felony convictions of either a crime of violence or a controlled substant offense. (R. 47: PSR, PageID 315). Additionally, Caldwell received two level enhancements under § 2K2.1(b)(1) (based on the number of firearms involved in the offense) and § 2K2.1(b)(4) (based on two of the firearms having been reported stolen). Additionally, Caldwell received a five level enhancement under U.S.S.G. § 2K2.1(b)(5) for selling or otherwise disposing of two or more firearms, knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual intended to use or dispose of the firearms unlawfully. (*Id.,* PageID 315-16). After accounting for Caldwell's acceptance of responsibility, the report concludes that his total offense level is 26. (*Id.*, PageID 316).

**II.    Law and Argument**

A. <u>Caldwell's Guideline Calculation</u>

The United States does not object to the final presentence report (PSR). Consistent with plea agreement and PSR, the United States believes that Caldwell's offense level guideline calculation is:

| **U.S.S.G. § 2K2.1:  Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition** | | |
|---|---|---|
| Base offense level | 20 | § 2K2.1(a)(4) |
| Special Offense Characteristics | | |
| Number of Firearms | +2 | § 2K2.1(b)(1) |
| Stolen Firearm | +2 | § 2K2.1(b)(4) |
| Two or more to individual who intended to use/dispose unlawfully | +5 | § 2K2.1(b)(5) |
| Acceptance of Responsibility | -3 | §§ 3E1.1(a) and (b) |

| TOTAL | 26 | |
|---|---|---|

Caldwell objects to paragraph 54 of the PSR, which summarizes his conviction for Robbery in violation Ohio Revised Code Section 2911.02(A)(3) and categorizes his offense as a "crime of violence". (R. 47: PSR, PageID 342). In his objection, Caldwell, citing to *United States v. Yates,* 866 F.3d 723, states that this specific subsection of Ohio's Robbery statute is not a crime of violence.[1]

In *Yates,* the Sixth Circuit held that Ohio's Robbery Statute under § 2911.02(A)(3) was not a crime of violence. The Court reasoned that "the force criminalized by [the Ohio statute] is defined as *any* violence, compulsion, or constraint physically exerted by *any* means upon or against a person." *Yates,* 866 F.3d at 728 (quoting Ohio Rev. Code Ann § 2901.01(1)) (emphasis in original). The Court in *Yates* looked at Ohio Court of Appeals cases where they found that the force involved in run of the mill purse snatching cases is sufficient to support an unarmed robbery conviction under the Ohio statute. *Id*. at 729-30. Additionally, the Court relied on "other circuits [that] have similarly held that, when a state robbery statute criminalizes minimal force, such as the force incidental to purse snatching, a conviction under that statute is not a crime of violence under the guidelines force clause." *Id.* at 730-31.

The United States Supreme Court has since cast doubt on the holding in *Yates* in *Stokeling v. United States*, 586 U.S. 73 (2019). In *Stokeling*, the Supreme Court held that "force capable of causing …injury" includes any level of force, however small, that is necessary to "overcome the victim's resistance." *Id* at 78-79, 87. The Sixth Circuit has since acknowledged

---

[1] Despite Caldwell's objection to paragraph 54 in the PSR, he does not challenge his total offense level of 26 as contained in both the signed plea agreement and the PSR. (R. 51: Caldwell Sentencing Memo, Page 2).

*Stokeling's* holding and definition of force, stating "[t]he Supreme Court's recent decision in *Stokeling v. United States*, --U.S.--, 139 S.Ct. 544, 202 L.Ed2d 512 (2019) casts doubt on this Court's ultimate holding in *Yates* that Ohio's robbery statute was overbroad." *Hernandez-Maldonado v. Barr*, 773 Fed.Appx. 280 (6th Cir. 2019) (footnote 3) and in *United States v. Fuller-Ragland*, 931 F.3d 456 (6th Cir. 2019) (finding that Michigan's unarmed robbery statute is a crime of violence under the elements test of U.S.S.G. § 4B1.2(a)(1)).

In light of the Supreme Court's holding in *Stokeling*, as well as subsequent Sixth Circuit decisions, the government agrees with the findings of the USPO as contained in Caldwell's PSR that his prior conviction may qualify as a crime of violence under the guidelines. However, this Court does not have to address the issue of whether Caldwell's prior offense qualifies as a crime violence because his base offense level is 20 under two other subsections of U.S.S.G. § 2K2.1(a)(4)(B).

Section 2K2.1(a)(4)(B) of the Sentencing Guidelines provides for a base offense level of 20 if:

> (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or
> (B) the
>   i. Offense involved a: (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a); and
>   ii. defendant: (I) was a prohibited person at the time the defendant committed the instant offense; (II) is convicted under 18 U.S.C. § 922(d), § 932, or § 933; or (III) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person

U.S.S.G. § 2K2.1(a)(4)(B).

Title 26 of the United States Code, Section 5845(a) includes "a machinegun" in its definitions of firearms. As referenced in the factual basis of the plea agreement and in the PSR, on January 22, 2024, Caldwell possessed and sold a Glock, Model 30, 45 caliber pistol, serial number WZC901. This firearm was equipped with a machinegun conversion device. (R. 45: Plea Agreement, PageID 266-67) (R. 47: PSR, PageID 314). This firearm was examined by an ATF firearms analyst and found to be a machinegun as defined in 26 U.S.C. § 5845(a)(6). Thus, U.S.S.G.§ 2K2.1(a)(4)(B) Caldwell's instant offense involves a firearm that is described in 26 U.S.C.§ 5845(a) and he was he a prohibited person at the time he committed this offense. Thus, even if this Court were to find that his prior conviction is not a crime of violence, his base offense level still begins at a level 20 under § 2K2.1(a)(4)(B). It is appropriate for this Court to consider this conduct even though the government will move to have Count 2 (Possession of a Machinegun) dismissed at sentencing. *See United States v. Smith,* 887 F.22d 104 (6th Cir. 1989), *United States v. Ykema*. 887 F.2d 697 (6th Cir. 1989) (it is appropriate for the sentencing judge to take into account all relevant conduct, not just the conduct supporting a specific conviction).

Additionally, § 2K2.1(a)(4)(B) Caldwell's instant offense includes a conviction of 18 U.S.C. § 933, Trafficking in Firearms as charged in Count one of the Indictment. Thus, he again qualifies as a base offense level of 20 under § 2K2.1(a)(4)(B).

B. <u>Application of the § 3553(a) Factors</u>

Pursuant to 18 U.S.C. § 3553(a):

The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence, and the sentencing range . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . ..

Several of these factors weigh in favor of the United States' request for a sentence at the high end of Caldwell's agreed upon sentencing range.

The nature and circumstance of the offense support the government's request. Of the seven firearms Caldwell sold, three had been reported stolen. Additionally, three of the seven were also identified through NIBIN as having been used in prior shootings. One of those having been used only 2 days before Caldwell possessed and sold it. (R. 47: PSR, PageID 311).

During the course of this investigation, agents obtained and executed a search warrant for Caldwell's cell phone. The contents of the cell phone indicate that Caldwell was also engaged in other illegal sales, including narcotics and firearms before and during his conduct in the instant offense.

Further, at the time he carried out his offense, Caldwell was serving a sentence on community control for his conviction in Cuyahoga County Court of Common Pleas case number 22-CR-670013. Despite this opportunity, Caldwell failed to comply. His actions in this case, carried out while under the supervision of another court demonstrate little, if any, respect for the law.

As discussed above, this is not a simple case of possession of a firearm. Caldwell's actions in selling multiple guns that had either been stolen and/or used in other shooting incidents to individuals he believed were either prohibited from possessing them or intended to use or dispose of them unlawfully distinguishes this case from others. A sentence at or near the

7

high end of the agreed upon range would reflect the seriousness of his conduct and deter future criminal conduct.

### III. Conclusion

For the foregoing reasons, a sentence at or near the high end of the parties agreed upon sentencing range is sufficient, but not greater than necessary, to support the § 3553(a) factors. The United States will be prepared at the sentencing hearing to elaborate on these points, answer the Court's questions, and refute additional argument from Caldwell in support of a lesser sentence. But given the information before the Court, the United States recommends that it impose a sentence at or near the high end the agreed range.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Kevin E. Bringman
Kevin E. Bringman (OH: 0088316)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3847
(216) 522-8355 (facsimile)
Kevin.Bringman@usdoj.gov